UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Jeanene Zebley, individually and as surviving mother of Fallon Zebley, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) |
| Heartland Industries of Dawson, Inc., | ) ) |
| Defendant. | ) ) ) |

Memorandum Opinion
On Motion to Dismiss

Case No. 2:07-CV-23

*SUMMARY OF DECISION*

Because the Plaintiff has commenced this action as a trustee for the benefit of the heirs at law of the Plaintiff's Decedent pursuant to the North Dakota Wrongful Death Act, and because the citizenship of such persons is the state of residence of the Trustee, complete diversity of jurisdiction exists and the Defendant's motion to dismiss for want of subject matter jurisdiction is denied.

The case is currently improperly venued in the Northeastern Division of the District of North Dakota. Because under 28 U.S.C. § 1391(a)(2) a case may be properly venued in the district in which "a substantial part of the events or omissions giving rise to the claim occurred" and because the incident occurred in the Southeastern Division of the District of North Dakota, venue is transferred to the Southeastern Division.

Because the Complaint contains a short plain statement of the claim showing the grounds upon which it rests, and the facts are sufficient to inform the defendant of the nature of the claim

1

against it, the Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., is denied.

## STATEMENT OF THE CASE

The above-encaptioned matter was commenced by filing on February 23, 2007. Service was effectuated on the Defendant Heartland Industries of Dawson, Inc, (hereafter "Heartland") and on March 23, 2007, Heartland moved the Court to Dismiss. The motion asserts: (1) that the Court lacks subject matter jurisdiction; (2) that the case is improperly venued; and (3) that the complaint fails to state a claim upon which relief may be granted.

This case arises out of the death of Fallon Zebley, who is described in the pleadings as a "vulnerable adult" who had suffered a brain injury as a result of encephalitis. It is alleged that Heartland provided "day program services" to Fallon Zebley. On the 6th day of February, 2006 Zebley fell to her death from the fifth floor of the Ivers Building which is located at 622 4th Avenue N., Fargo, ND. On February 23, 2007 Jeanene Zebley brought this wrongful death action against Heartland, alleging that Fallon Zebley's death was a proximate result of Heartland's: (1) negligent supervision of Fallon Zebley; (2) inadequate training of the job coach having control over Fallon Zebley; and (3) "failure to develop and implement an appropriate program to protect Fallon from danger associated with her disability and medical condition."

Zebley asserts that jurisdiction resides in the federal courts on the grounds of complete diversity.

Although no answer has been filed, in its "Memorandum of Law in Support of Motion to Dismiss" Heartland specifically denies any negligence.

For purposes of these motions it is undisputed that Fallon Zebley was a resident of

Minnesota at the time of her death; that Heartland is incorporated in and has its primary place of business in Minnesota, and that Jeanene Zebley is a resident of the State of North Dakota.

As noted above, Heartland has moved for dismissal on the grounds that the Court is without subject matter jurisdiction and that the complaint fails to state a claim upon which relief may be granted.  In addition, Heartland asserts that if the complaint survives the motion to dismiss, it is improperly venued in the Federal District of North Dakota.

### *DISCUSSION*

### A.  Jurisdiction

It is elementary that in order for a federal court to have original jurisdiction over a state law claim based on complete diversity of citizenship, the court must find that the litigants are residents of different states and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

Heartland argues that this particular case is governed by 28 U.S.C. § 1332(c), which provides:

> [T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or an incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

28 U.S. C. § 1332(c)(2).

The current language of 28 U.S.C. 1332(c)(2) was enacted as part of the Judicial Improvements Act of 1988.  The purpose of the 1988 act was to generally limit the number of diversity actions as was first proposed in the legislative proposal of the American Law Institute in 1969.  American Law Institute, *Study of the Division of Jurisdiction Between State and Federal Courts,* § 1301(b)(4) at 11 (1969).

3

*1. North Dakota's Wrongful Death Act*

In order to determine the extent to which Zebley's claim is barred by the jurisdictional requirements of Section 1332(c), the court must first construe North Dakota's Wrongful Death Statute.

North Dakota's wrongful death statute specifically provides:

> **When action for death by wrongful act maintainable.** Whenever the death of a person shall be caused by a wrongful act, neglect, or default, and the act, neglect, or default is such as would have entitled the party injured, if death had not ensued, to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation, limited liability company, or company which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured or of the tort-feasor, and although the death shall have been caused under such circumstances as amount in law to felony.

N.D. CENT. CODE § 32-32-01 (1996).

The measure of damages in a wrongful death action under North Dakota law is such damages as the finder of facts finds "proportionate to the injury resulting from the death to the persons entitled to recover." N.D. CENT. CODE § 32-32-02 (1996).

The Wrongful Death Act is designed to provide a "measure of protection to those persons within a fixed degree of relationship and dependency on the deceased because of actual injury sustained *by them* by reason of the wrongful killing of the deceased . . ." Satterberg v. Minneapolis, St. Paul & Sault Sainte Marie Ry. Co., 121 N.W. 70, 71 (N.D. 1909)(emphasis added). Whoever brings the action does so in a representative capacity for the exclusive benefit of the heirs at law in such shares as the judge determines. Id., at 72. The order of preference for the representative is established by statute as follows:

> **Who may bring action.** The action shall be brought by the following persons in the order named:

      1. The surviving husband or wife, if any.
      2. The surviving children, if any.
      3. The surviving mother or father.
      4. A surviving grandparent.
      5. The personal representative.
      6. A person who has had primary physical custody of the decedent before the wrongful act.

If any person entitled to bring the action refuses or neglects so to do for a period of thirty days after demand of the person next in order, that person may bring the action.

N.D. CENT. CODE § 21-21-03 (2007 supp.)

It is clear that the purpose of the statute is designed to compensate the survivors for the losses which they have incurred through the death of the decedent and not for the benefit of general creditors. See, N.D. CENT. CODE § 32-32-04 (1996)(recovery of damages exempt from decedent's debts). Likewise the action is not abated by death of either the injured party or the tortfeasor. Id.

In these particulars the North Dakota Wrongful Death Act is similar to the Minnesota wrongful death statute that was at issue in Steinlage v. Mayo Clinic Rochester, 435 F.3d 913, 914-16 (8th Cir. 2006). The Act is, if anything, more plainly drafted than the Minnesota Statute in demonstrating that the person who brings the action in North Dakota does so as a trustee for the heirs at law and not for the benefit of the estate.[1]

### 2. The Federal Act

The Judicial Improvements Act of 1988 was specifically designed to reduce the number

---

[1] N.D. CENT. CODE § 32-21-04 provides as follows:

The amount recovered shall not be liable for the debts of the decedent, but shall inure to the exclusive benefit of the decedent's heirs at law in such shares as the judge before whom the case is tried shall fix in the order for judgment, and for the purpose of determining such shares, the judge after trial may make any investigation which the judge deems necessary.

of diversity actions by providing that a personal representative held citizenship in the state where the decedent resided at the time of his death.  28 U.S.C. § 1332(c)(2).  The purpose of this amendment is plain; it seeks to avoid the possibility of forum shopping through the appointment of a personal representative of diverse citizenship.

Where, however,  the person who brings a wrongful death action does so as a trustee for a designated class of heirs and not for the benefit of the estate of the decedent or the general creditors of the decedent, the trustee's citizenship for purposes of diversity jurisdiction is deemed to be the state of residence of the trustee.  Steinlage v. Mayo Clinic Rochester, 435 F.3d 913, 919-20 (8th Cir. 2006).  As the North Dakota statute is of the same import as the Minnesota statute the result necessarily follows.  The citizenship of Jeanene Zebley is in North Dakota and complete diversity of citizenship exists.

## 2.  Venue

Heartland objects to the current venue of the case, which is in the Northeastern Division of North Dakota.  Zebley concedes that the case is improperly venued in the Northeastern Division, arguing that the proper venue is in the Southeastern Division of North Dakota.  Heartland contends that the case is more properly venued in the District of Minnesota.  Under 28 U.S.C. § 1391(a)(2) a case may be properly venued in the district in which "a substantial part of the events or omissions giving rise to the claim occurred . . ."

The incident giving rise to liability occurred in Fargo, North Dakota, thus, it appears to the Court that the case is properly venued in the Southeastern Division of the District of North Dakota.

## 3.  Motion to Dismiss for Failure to State a Claim.

Heartland asserts that Zebley has failed to state a claim upon which relief may be granted and is therefore subject to a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss. The function of a motion to dismiss is to test the law governing the claims and not the facts supporting them. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Federal Rule of Civil Procedure 8(a)(2) requires only that the pleading contain "a short plain statement of the claim showing the grounds upon which it rests . . ." Fed. R. Civ. P. 8(a)(2). When a Rule 12(b)(6) motion is brought it is not necessary to have a series of detailed factual allegations, however, it is necessary that the complaint contain sufficient facts to ascertain the grounds for relief, and the law of pleading "requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action . . ." Bell Atlantic Corp. v. Twombley, ___ U.S. ___ (2007); 127 S.Ct. 1955, 1965 (2007). Courts are not required to accept a legal conclusion couched as a factual allegation. Id.

Heartland asserts that Zebley is seeking "damages for 'injuries' the decedent suffered, presumably before she died." Zebley v. Heartland, Defendant's Memorandum of Law in Support of Motion to Dismiss, p. 6 (Clerk's Docket No. 5, March 30, 2007).

The Plaintiff's Complaint, however, seems to state something entirely contrary. It states:

> 7. Fallon's injuries and death were a direct and proximate result of the negligence and fault of Heartland Industries. Such negligence and fault included, among other things, the following:
>
>    a.   Failure to properly supervise Fallon;
>
>    b.   Failure to properly train Fallon's job coach. ; and
>
>    c.   Failure to develop and implement an appropriate program to protect Fallon from danger associated with her disability and medical condition.

> 8. As a direct and proximate result of Heartland Industries' negligence and fault, Jeanene and Fallon's family have sustained both economic and non-economic damages. Among other things, they have suffered mental and emotional anguish, together with the loss of Fallon's support, comfort and society and companionship.

<u>Zebley v. Heartland</u>, Plaintiff's Complaint, p. 2 (Clerk's Docket No. 1, Feb. 23, 2007).

The Complaint itself clearly states that Fallon's injuries and death were <u>*caused*</u> by the negligence and fault of Heartland, a necessary prerequisite to establishing a lawful claim for wrongful death under Chapter 32-21 of the North Dakota Century Code. The injuries for which redress is sought, however, are the losses that Jeanene and Fallon's family (the "heirs at law" as contemplated by Section 32-21-04 of the Century Code) sustained. Thus, the damages are not those incurred by Fallon, *<u>but those which her heirs at law incurred</u>* as direct and proximate result of the alleged negligence of Heartland. The factual allegations that are contained are short, but they are also plain as required by Rule 8(a)(2). The assertions are: (1) that Heartland failed to adequately supervise Fallon, a brain injured person; (2) that Heartland failed to adequately train Fallon's job coach; and (3) that Heartland failed to develop an adequate program to protect Fallon from the risks created by her disability and medical condition. Such allegations are specific enough to provide a "short plain statement" and are sufficient to avoid a dismissal under Rule 12(b)(6).

## ORDER

**IT IS HEREBY ORDERED:**

1. The Motion to Dismiss for want of Subject Matter Jurisdiction is **DENIED.**

2. The Objection to Venue is well founded. **Venue is transferred to the Southeastern Division of the District of North Dakota.**

3.  The Motion to Dismiss pursuant to Rule 12(b)(6) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 6th day of August, 2007.

   /s/ Ralph R. Erickson
Ralph R. Erickson
US District Judge
District of North Dakota