UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Jeanene Zebley, individually and as surviving mother of Fallon Zebley, | ) ) ) | Civ. No. 3:07-CV-23 |
| Plaintiff, | ) ) | |
| -v- | ) ) | Order Allowing Costs |
| Heartland Industries of Dawson, Inc., | ) ) | |
| Defendant. | ) | |

Before the Court is the Motion of Heartland Industries of Dawson, Inc. for an award of their costs as disbursements as a prevailing party. The parties have stipulated to the following costs, which the Court approves:

Statutory witness fees/mileage

    Lori Flores                       $40.00

Depositions from Norman E. Mark Court Reporter Service:

| | |
|---|---|
| Barb Hillenbrand | $ 188.10 |
| Kerry Larson | $ 107.25 |
| Nicole Wiederrich | $ 70.95 |
| Malena Rock | $ 186.45 |
| Exhibits | $ 48.05 |
| Aaron Benson | $ 141.90 |
| Chris Fester | $ 74.25 |
| Phyllis Reller | $ 155.10 |
| Lori Flores | $ 138.60 |
| Exhibits | $ 23.25 |
| Joel Bakken | $ 103.95 |
| Exhibits/disk | $ 149.85 |
| Christine Bietz | $ 145.20 |
| Michael Hillenbrand | $ 80.85 |
| Jeanene Zebley | $ 360.75 |
| Byron Zebley | $ 110.50 |
| Reporter's fee | $ 200.00 |
| Kevin Schumacher | $ 699.35 |

        Dr. David Mank                      226.85
        Jeaneane Zebley (trial deposition)   111.50

Depositions from Neil K. Johnson Agency:

    Scott Broady video deposition       400.00

TOTAL STIPULATED COSTS & DISBURSEMENTS: $3,763.45

The parties are unable to agree whether certain photocopying costs and travel expenses for Dr. Mank are properly taxable.

The photocopying costs are taxable, if at all, under 28 U.S.C. § 1920. Under section 1920 of Title 28 photocopy expenses are taxable if the photocopies are necessarily obtained for use at trial. 28 U.S.C. § 1920(4). Whether or not a copy is reasonably necessary is question of fact that is left to the sound discretion of the trial court. Concord Boat Corp. v. Brunswick Corp., 309 F. 3d. 494, 498 (8th Cir. 2002). In reviewing the documents in question (Clay County Social Services Records at $224.00 and copies of Plaintiff's exhibits at $69.40) it is apparent that the Social Services records were necessary both for preparation at trial and for use as potential exhibits. The copies of the Plaintiff's exhibits, however, are just as clearly copies made for the convenience of counsel. Copies made solely for the convenience of counsel are not taxable costs. Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 478 (D.N.D. 1995). The Court will allow as a taxable cost. $$224.00.

Plaintiff also objects to the taxation of certain costs related to Dr. David Mank. Zebley asserts that Mank's travel expenses should be limited by the 100 mile limitation rule which limits taxation of costs for mileage of witness outside the district to 100 miles each way. See, Linneman Construction, Inc., v. Montana-Dakota Utilities Co., Inc., 504 F.2d 1365, 1370 (8th Cir. 1974). Under the rule, the proponent of taxation must show special circumstances in order to

prevail.  Id.  In this case Dr. Mank testified as an expert.  As a practical matter, finding experts within a 100 mile radius of Fargo is not a simple matter.  The Court has little difficulty finding that special circumstances exist in this case.  It is, however, clear that some of the expenses are not taxable.  Defendant claims $969 for airfare and $144.21 in hotel expenses.  The filing with the Court does not include a copy of the ticket, bill or other indicia of the fare as is ordinarily required under Local Rule 54.1.  It appears from a general search of readily available fares that fares between Indianapolis and Fargo are usually available for $600.  The Court will award airfare in that amount.

The hotel expense is in excess of the government approved rate, which the Court routinely applies to witness vouchers in criminal cases.  There appears to be no compelling reason why the limitation should not be applied in this case.  The Court will award the hotel expense at $70.00 plus the applicable taxes for a total of $75.25.

Meal costs are not contested and the Court will tax them at $30.00.

**IT IS HEREBY ORDERED** that costs be taxed in favor of Defendant Heartland Industries of Dawson, Inc. and against Jeanene Zebley in the total amount of $4,692.70.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 26th day of November, 2008.

/s/ Ralph R. Erickson
Ralph R. Erickson
United States District Judge